2011-61032
FILED
February 20, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004061607

**5**

MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 11-61032-B-7 |
| | Chapter 7 |
| VALDEMAR ESPINOZA, | DC No. UST-1 |
| | |
| | Date:  February 9, 2012 |
| | Time:  10:00 a.m. |
| | Place: U.S. Bankruptcy Court |
| | 1300 18th Street, Suite A |
| Debtor. | Bakersfield, California |
| | Judge: W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING UNITED STATES TRUSTEE'S MOTION FOR
AN ORDER IMPOSING A CIVIL PENALTY UNDER 11 U.S.C. § 526**

On February 9, 2012, the Court considered the United States Trustee's Motion for An

Order Imposing a Civil Penalty Under 11 U.S.C. § 526.   Notice having been proper and

having reviewed the pleadings, the Court now issues the following findings of fact and

conclusions of law.

**Findings of Fact**

1. Valdemar Espinoza ("the Debtor") filed his bankruptcy petition in this case on

October 4, 2011.

2. The Debtor filed bankruptcy because he was about to lose his house at 217

Tollhouse Drive, Bakersfield, California.   At the time he filed his bankruptcy petition, the

RECEIVED
February 10, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004061607

Debtor had not made a monthly payment on his house since November 2008.

3.  The Debtor  was assisted in filing his petition by Juan Ramon Curiel of Star Reliable Mortgage ("DRA").

4.  The DRA took the Debtor's financial information to Denise Garcia, a bankruptcy petition preparer, and paid her $125 to prepare the Debtor's bankruptcy documents.

5.  On June 9, 2011, the Debtor's house was foreclosed on and CEREF REO II, LLC ("CEREF") became the owner.

6.  On August 19, 2011, CEREF obtained a Writ of Possession for the house from the Kern County Superior Court.

7.  On October 3, 2011, the Kern County Superior Court denied Debtor's Application for Stay of Enforcement of Judgment.  The levying officer was ordered to proceed on the execution of the Writ of Possession.

8.  On October 4, 2011, the DRA came to this Court's Clerk's office and personally filed the Debtor's petition or assisted the Debtor in filing the petition.

9.  The Debtor vacated his house by order of the Kern County Sheriff shortly before he filed his bankruptcy petition.

10.  The Debtor made an initial payment of $1,800 and 7 monthly payments of $588 each to the DRA.

11.  The DRA represented to the Debtor that he would save his house by means that included loan forbearance service and filing bankruptcy.

12.  The DRA is not an attorney.

13.  The DRA is not a licensed real estate broker.

### Conclusions of Law

14.  The United States Trustee is statutorily obligated to monitor the administration of cases commenced under chapter 7, 11, 12 and 13 of the Bankruptcy Code.  28 U.S.C. § 586(a)(3).  The United States Trustee has standing to raise, and to appear and be heard on, any

issue in any bankruptcy case or proceeding.  11 U.S.C. § 307.    The United States Trustee has standing to seek a civil penalty against a debt relief agency for intentional violation of the provisions of 11 U.S.C. § 526.  11 U.S.C. § 526(c)(5).[1]

15.  The Debtor is an assisted person in that his debts are primarily consumer debts and the value of his non-exempt assets is less than $175,750.  11 U.S.C. § 101(3).[2]  The Debtor's petition is annotated to indicate that his debts are primarily consumer debts and that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

16.  Juan Ramon Curiel of Star Reliable Mortgage is a debt relief agency.  11 U.S.C. § 101(12).[3]  The DRA provided bankruptcy assistance to the Debtor by advising him to file bankruptcy to save his house, taking the Debtor's financial information to Denise Garcia and paying her $125 prepare the petition, and either personally filing the Debtor's petition with the Court or personally escorting the Debtor to the Clerk's Office to Assist the Debtor in filing the petition.  In exchange, the DRA received $5,816 from the Debtor.

---

[1] 11 U.S.C. § provides in pertinent part:
. . . if the court on its own motion or on the motion of the United States trustee or the debtor, finds that person intentionally violated this section or engaged in a clear and consistent pattern or practice of violating this section, the court may -
(A) enjoin the violation of such section; or
(B) impose an appropriate civil penalty against such person.
11 U.S.C. § 526(c)(5).

[2]  11 U.S.C. § 101(3) provides in pertinent part:

The term "assisted person" means any person whose debt consists primarily of consumer debts and the value of whose non-exempt property is less than $175,750.
11 U.S.C. § 101(3).

[3] 11 U.S.C.  § 101(12A) provides in pertinent part:

The term "debt relief agency" means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration.
11 U.S.C. § 101(12A).

17. The DRA intentionally violated the provisions of 11 U.S.C. § 526 by, at least indirectly, misrepresenting loan forbearance services to save the Debtor's house, failing to perform such services, and by misrepresenting to the Debtor the benefits of becoming a debtor under chapter 7 of the Bankruptcy Code.[4]

18. The DRA is neither a real estate broker nor an attorney. As such he had no authority under state law to negotiate or arrange any form of loan forbearance for the Debtor.[5]

---

[4] 11 U.S.C. § 526 provides in pertinent part:

(a) A debt relief agency shall not -
(1) fail to perform any services that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title . . .
(3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to -
(A) the services that such agency will provide to such person:
(B) the benefits and risks that might result if such person becomes a debtor in a case under this title.

[5] California Business and Professions Code § 10131 provides in pertinent part:

A real estate broker within the meaning of this part is a person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others: . . .

(d) Solicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity.
Cal. Bus. & Prof. Code § 10131.

California Civil Code § 2944.7 provides in pertinent part:

(a) Notwithstanding any other provision of law, it shall be unlawful for any person who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan modification, or other form of mortgage loan forbearance for a fee or other compensation paid by the borrower, to do any of the following:

(1) Claim, demand, charge, collect, or receive any compensation until after the person has fully performed each and every service the person contracted to perform or represented that he or she would perform.

19.  For the DRA to represent, at least indirectly, that he could save the Debtor's house by providing loan forbearance services, when the DRA had no authority, under state law, to provide such services, constitutes a misrepresentation of the services he would provide to the Debtor.

20.  For the DRA to represent to the Debtor that filing bankruptcy could save his house, when it had already been foreclosed upon and the Kern County Sheriff had already evicted him, constitutes a misrepresentation of the benefits of the Debtor becoming a debtor under the Bankruptcy Code.

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

The Court shall impose a civil penalty on Juan Ramon Curiel of Star Reliable Mortgage directing that he disgorge $5,816 to the Debtor by sending a cashier's check or money order in that amount payable to Valdemar Espinoza to the United States Trustee within 30 days.  A separate order shall be entered.

Dated:  Feb 20, 2012

_____
W. Richard Lee
United States Bankruptcy Judge

E-filed by Mark L. Pope
Direct phone: 559-487-5002 Ext. 240
E-mail: mark.pope@usdoj.gov

_____
Cal. Civ. Code § 2944.7.